Good morning, Your Honors. May it please the Court, my name is Adam Akeel. I rise on behalf of Appellant, Big Boy Restaurant Group. I would like to reserve three minutes for rebuttal. Your Honors, the District Court erred when it confirmed an arbitration award and converted the 41-page opinion into a judgment of the Court for three reasons. The first reason that arbitration is simply a matter of contract between the contracting parties. Arbitration is simply a resolution of a contractual dispute between the parties. The District Court here, or the arbitrator here, rendered a decision that provided rights to non-parties. Essentially, the... Counsel, I want to ask you about that, because let's suppose that in some future litigation, your client wishes to sue Target or somebody else, and you would not, in that context, and they would not, in that context, be bound by the arbitration award. So, I'm not really sure I understand why this would, in fact, bind any third party, since they're not party to the contract, they're not party to the arbitration. And it's not a court ruling that would have to be followed by a court. So, why is this a problem in the future? Your Honor, once an arbitration award is converted to a judgment of the court, it becomes enforceable. The concern here... That's between the parties. That's between the parties. You are saying that it affects third parties, but I don't see why it would affect third parties. The arbitrator ruled that once Flavor of California sells its product to any of its customers, including Target, Kroger, Albertson, those customers have the right to sell Big Boy's dressings and sauces anywhere in the nation. And the concern there is that Flavor of... This was essentially an advisory opinion about a hypothetical scenario. But Mr. Akil, did Big Boy not... I mean, the arbitrator says, we don't have the full record, but the arbitrator's decision is premised on Big Boy's argument that it made infringing sales outside the territory. So, setting aside the scope of the contract, it appears that... I mean, did Big Boy not raise the infringement issue itself? Your Honor, the dispute was whether Flavor of California could sell Big Boy's products outside of the limited territory in the license agreement. Including the question of infringement, infringing sales. So, one response to that would be the for sale analysis. So, didn't Big Boy invite the arbitrator to rule on this question? No, Your Honor. When Flavor of California alleged a breach of contract against Big Boy and sought declaratory judgment against Big Boy, Big Boy asserted an affirmative defense to those claims. The first sale doctrine is an affirmative defense to trademark infringement claims. Right. But that was before the arbitrator. There were no trademark infringement claims brought before the arbitrator. This Big Boy's affirmative defense was that Flavor exceeded the territorial limitations provided in the arbitration agreement. Big Boy never asserted trademark infringement claims. Big Boy did not bring counterclaims against Flavor of California. The first sale doctrine is an affirmative defense to trademark claims. And there's a case on this jurisdiction that states that it doesn't even apply to licensees. There are exceptions to the rule. What happened here is similar to a court case. I'd like to refer this court to TRT USA Corp. 676 F SUP 2D 857. Big Boy is not challenging the downstream sales through these arbitrations. I'm not sure that the arbitration award can be setting aside whether it's even binding on third parties. I don't think it's susceptible, at least only to a reading, that it was reaching that. I think the arbitration award, to the extent it's discussing the first sale doctrine, it appears to be responding to Big Boy's claim that these sales were infringing and therefore a breach of the agreement. The agreement said you cannot engage in infringing sales to address the fact that they weren't infringing. The arbitrator addressed the first sales doctrine to defeat that defense that Big Boy raised. Big Boy's defense was simply that Flavor was making sales out of the limited territory. I just want to be clear. When the arbitrator recites Big Boy's argument, argument number two, Flavor materially breached the agreement by, among others, infringing sales outside of the territory, you don't dispute that that was raised to the arbitrator? I just don't think that using the word infringing sales means that Big Boy brought infringement claims in which the first sale doctrine would apply. Big Boy was simply arguing that Flavor made sales outside of the territorial limitations provided in the contractual agreement. But the contractual agreement incorporated the concept of infringement. The contract agreement just simply limited, provided rights to Flavor, enabling Flavor to sell Big Boy products within six states and Mexico. And the arbitrator explained, he relied heavily on a Supreme Court, Michigan Supreme Court case, Quality Products, which he stated that the ultimate issue in the case in arbitration and in Quality Products was whether there was a mutuality where the parties mutually agreed to expand territory or modify the jurisdictional limitations. But Big Boy did raise, as the arbitrator says, set aside these procedural questions. I take your argument on that point. But Big Boy raised a breach of the non-infringing term of whatever the agreement underlying is that the arbitrator is not wrong in saying that Big Boy asked it to consider. Well, I just want to make sure that the court understands the context in which Big Boy's affirmative defense was raised. In Michigan law, you know, the party who breaches excuses the other for their performance. And so an affirmative defense to a breach of contract claim is to point out that the other party was breaching the agreement. And that's what Big Boy did here. And so when Flavor filed a lawsuit seeking declaratory relief alleging breach of contract against Big Boy, Big Boy's affirmative defense was no, they are exceeding the scope of the licensee. So that's all fine and well. But then how do we get to the point of saying, you know, this issue that was seemingly litigated before the arbitrator and then is now something the arbitrator shouldn't have dealt with at all? Because that's seemingly the contention here that, you know, the arbitrator should not have gone into this issue. But it's not as though when the parties received the interim arbitration award that you would have read this and said, oh, my goodness, the arbitrator is talking about something that nobody has ever spoken about. It seems that there was we don't have all the record, but we have a declaration telling us, no, this was part of discovery and part of the briefing. And that would seem evident from the award itself. Right. And so I guess I'm struggling to see this issue got itself into the arbitration somehow, but it was in there and it's not clear anybody protested at the time. And now here we are. It was in Flavor's reply brief before the district court. Flavor justified bringing up the issue of the first sale doctrine because according to Flavor, Big Boy put their customers rights at issues. That's beyond the scope of the arbitration. This is Flavor trying to interject an issue that is beyond the scope of the contract or the submission of the parties. Is there anything else that if what we're looking at is the arbitration, there's nothing else other than the award that would tell us exactly which arguments around infringement. I mean, you haven't presented any arguments to suggest. Well, while you explain your affirming, what we have is an award that says Big Boy put infringement at issue as part of the breach. Is there anything else we could look at to try to understand whether Big Boy cabined that in any way in its submissions before the arbitrator? Your Honor, this court and Lucent Tech. No, I'm talking about in this record. You've raised a claim that the arbitrator exceeded their scope. Yes. All we have there is an award. The award itself explains that Big Boy put infringement at issue, at least through incorporation of the whatever the agreement was. Okay. Do we have anything other than the award to understand what the scope of the arbitration was or what the arbitrator was invited to address? Other than the award and the briefing before the district court, there's nothing else. Okay. Can I shift gears to did Big Boy ever file a motion to modify the award and did it need to? No, Your Honor. Big Boy did not file a motion to modify it. It filed an opposition to Flavors motion to confirm. Did that opposition? Why was that opposition enough to show the district court that you were actually seeking rather than an opposition to confirming that you actually wanted to modify? Your Honor, the courts have this court, Supreme Court has repeatedly said the courts have an independent duty to ensure that they have jurisdiction, that the arbitrator acted within the scope of its authority, that it had jurisdiction. Once we raise the issue- Yeah, but I guess you're before us now and we have independent jurisdictional review as well, but we'd like to see that raised in the district court first. How did the district court have a chance to pass on? We raised it in our opposition to the motion to confirm. We informed the court, the arbitrator had no authority to issue on the first sale doctrine. I mean, the arbitrator's authority is limited to the contract and the submission to the claims, the breach of contract claims, the declaratory judgment claims that were actually submitted to the arbitrator and the word that was fashioned cannot be rationally derived from the claims that were submitted or from the contract. Was this told to the arbitrator at the time to say, hey, listen, do not get into this first sale issue, you're acting outside your authority? There was no indication that the arbitrator would issue a declaratory ruling that would provide rights to third parties that were not before the arbitrator. This was just simply flavors interjection of this issue throughout various proceedings. One other point, Your Honor, that I think is really important here is the federal courts, the Supreme Court has repeatedly stated that courts should be cautious of attempts to provide advisory opinions that are fashioned or brought to the court in the guise of a declaratory ruling, and that's what this is here. It's an advisory opinion relating to a hypothetical scenario that may or may not arise later, and by the district court converting the full opinion into a judgment of the court, there is a concern there that it could be used in future proceedings. I would like to... We'll give you two minutes for rebuttal, okay? Thank you, Your Honor. Thank you. Good morning, and may it please the court. My name is David Mackman, and I'm here on behalf of the Flavor of California. I have three major points. First, that the FAA is the exclusive statute that applies to the review here, Michigan law. There's no basis for applying Michigan law to reviewing the arbitration award. Second, Big Boy never properly applied for modification or vacature. Filing an opposition is not adequate. The Federal Arbitration Act actually says that it has to be in the form of a noticed motion, and opposition is not a noticed motion. Did you raise that in the district court? I said that it was improper, and there are two reasons that it's improper. One is the format, and the other is the time. Wait, I'm sorry. You're saying now, or you said to the district court? In the district court, in my reply brief, I said that there... And it's on page five of the supplemental excerpt of record. I said that they raised it improperly. I did not argue the timeliness in there, and I did not argue the format, but I said it was improper, and those are the two reasons that it was improper. It's improper because it's in an opposition. I mean, Big Boy would have had... There's some amount of time that runs under the Act for Confirmation where Big Boy would have had the opportunity to cure such a defect, right? What do you mean? I mean, I think the concern here is that if it wasn't clear coming in in the reply brief, if it wasn't clear that the problem here was the timeliness or the propriety of the form of what turned out to be a request to modify the award, if there's something wrong with that, there's time for Big Boy to cure if the district court was on notice that that was a defect. There was no notice, right? They filed an answer, which is on page 14 of the supplemental record, in which they said nothing about modifying. That was what they filed on the three-month deadline, and there was no reference to modifying until February of the next year. So they were not within the timing, and there's no way to relate back, and they should have raised it in the arbitration. They didn't. Can you walk me through the timing? I mean, thank you for raising it. So, I mean, there's some question around the right day, but so what do you take to be the beginning of the running of the time and the ending to be running of the time? Well, the statute says the date that the award is filed or served. It was served on, I think it was June 18th, and then it's three months from there. If you take the later of those two dates, their response is exactly on the three-month deadline. Okay. I had 90 days in my papers. That's incorrect. I think that's the rule under Michigan law. I'm not entirely sure how it got in there, but three months is the correct number.  I have a question about sort of more of what I would call the merits of their argument. There is this passage at excerpts of record 26 and 27 where the court says, you know, if you sell to target, trademark rights are exhausted under the first sale doctrine, and target will have the right to take their product anywhere in the country and resell the product. I have difficulty understanding how that is related to the question that, the basic question in front of the arbitrator, which was there was a territory in a handful of states. And then the question is whether the parties had essentially agreed that it would go to another small number of states. Why isn't that just a freestanding legal ruling that bears no relationship to the actual dispute under the contract? Why is target getting to take products anywhere in the country? And how is that related to the contract? That's an example. But first off, I pled that I wanted a declaration of rights. This was a notice and cure situation. They said that our products were getting out of the original territory and we had to fix that. We sell refrigerated dressings and sauces, and we sell them to retail companies like Target and Albertsons. And the large retailers have distribution centers. We don't control the goods once they get to the distribution center. And Big Boy was telling us when we went into the arbitration that we had to stop our customers from selling outside the territory. So I was asking for that declaration of rights as my first cause of action. It's not the same as the did we agree to piece of it. That's my pleading. And they asked me, what did I mean by that pleading? And I said, I mean that I want a declaration that we have the right to, under this contract, to sell to customers that we know are taking it out of the territory. That's, you know, these are authorized sales under the agreement. They're, excuse me, excuse me. That's not, so in your view, this was not limited to a determination of whether Flavor had the right to sell the products in the additional territory, which was a more limited territory? That's my second claim. My first claim was for a declaration of rights. And they served asking what I meant for that. Arbitration is an informal proceeding. The Shonda case cautions against adding formal pleading requirements to arbitration. Under the AAA rules, the arbitrator has the ability and by agreement of the parties, AAA applied and the arbitrator is the one who decides the scope of his jurisdiction. There's no issue. So in counsel, in any future litigation that might occur, in your view, can a target rely on this holding as applying to them, even though they're obviously not a party to the contract being interpreted? It's an example. Certainly, our sales are authorized sales. And so they would be able to rely on the first sale action. That's not my question. That's not my question. Is this binding on target as a legal matter, if there's any future litigation between, for example, Big Boy and Target? Binding on target? Target is not a party to the arbitration. So this is not binding on that? As I understand collateral estoppel and res judicata, which were not raised in the briefs, it would not be. But right. I mean, that's a matter of res judicata and collateral estoppel. The way that applies to arbitration awards is intricate, to say the least. And it's not at issue properly at issue on this appeal. They never requested to modify or never timely requested to modify or vacate. Doing it on an opposition is not the same as doing it in a motion. As a due process matter, if they did a motion, I would have had two weeks to respond, not one week. And so that's built into the Federal Arbitration Act that I have. The nature of the proceedings and in the arbitration related to the first sale doctrine, because we have a declaration from you, incidentally, saying that it was at issue during discovery and discovery responses and at deposition in the pre-hearing briefing and testimony during the hearing and in the post-hearing briefing. Of course, I don't think we have any of that that's referenced in the declaration. I'm not saying that's your responsibility, but what actually happened? That's what happened. I pled the Declaration of Rights. They served discovery saying, what do you mean? I served written discovery that explained the first sale doctrine. I gave them all of the invoices which show that we're selling to distribution centers and have forward addressing inside the territory and outside the territory. We dealt with it. Distribution centers that you were selling to were within the territory that you believe the contract allowed you to sell to? Some were, some weren't. I think maybe 80 or 90 percent were in the original territory, but there was a lot of leakage. As a practical matter, what I needed out of this arbitration was confirmation that my client didn't need to change the way it's doing business. That's why I put the first sale doctrine squarely at issue in the case. They're conflating it using pleading rules that just don't apply to arbitration. I take it your position is some of the issue here was the expansion of some additional states under the agreement that this oral promise was, in fact, part of it. Your position is, in fact, the arbitration was broader than just that dispute. It involved a broader set of questions about what your client was doing. Sure. The contract itself says all controversies arising out of or related to the agreement, I can arbitrate. I, as a matter of right, had the ability to pursue that claim in the arbitration. If they had an objection, they should have raised it after they got the interim award. They didn't say a peep after they got the interim award. How do you, I mean, what is an example of a distributor that your client is selling to that's outside any of these states that we're talking about, both the ones in the original contract and then the additional ones? So, I don't think there are any that are outside of all, any of them, but some of them would sell to a neighboring state. For example, if you're in California and you sell, you know, they're up in Eureka and they sell to Washington or Oregon, those sales would be kind of a leakage thing that are appropriate under the- But the leakage is happening at the second step. In other words, your client is selling into a state that you believe is guaranteed to you under the agreement, and then it's possible that the goods may go from that state to some other state that's outside the agreement. That's right. And we have no control over what the client does with it. And, you know, and not sell them at whatever store you want to. Only with alcohol do the large retailers do that, of Bay State wines. There's just no procedure in place to allow that to happen. So, and, you know, and there are states, you know, for example, it could be temporarily that they would sell in a store in, say, North Dakota, which hasn't happened, but that could temporarily, they could do that a couple of years and then the store closes or it doesn't sell and they don't expand into that space. We have no control over that. And we needed to know, you know, we gave them all our invoices. We needed to know that we weren't going to have an infringement fight afterwards. Was there any, before the arbitrator, was there any discussion of, hey, is this really part of the scope of this arbitration? Not a word, not a peep. And if they'd used the motion process, you know, they would have had an opportunity to file another piece of paper and respond to my declaration and all that, right, which is what the Federal Arbitration Act allows. If they wanted to dump the record in, I guess they could have tried a cert apply or something like that. But I didn't feel, you know, courts don't go into the merits of the arbitration. It's manifest disregard of the law. That's the standard. I asked to confirm. That's the only thing that was properly before the court. You confirm unless there's manifest disregard in the law, there isn't. So that's the standard that's properly in front of you today, this idea that the scope was properly challenged is just incorrect. You can't do it on an opposition after the deadline is run. It's not fair to me. It's not, I spent a lot of time and effort, you know, litigating the first sale doctrine and then not raise it until over a year after the arbitration hearing is just, I guess it was 11 months and three weeks after the arbitration hearing that they first raised the modification issue. That's just not fair to me or to my client. I think I've said, I've touched on everything I'd like to touch on. And thank you for your time. Thank you, sir. Your Honors, with my remaining time, there's just a couple points that I want to highlight for you. As it relates to timing, as you stated, it was never raised before the district court, whether Section 12's 90-day limitation. It's also non-jurisdictional statute limitations subject to equitable defenses. That's what this court has repeatedly held. The plain language of Section 9 states that the court must confirm unless one of the reasons is a motion to modify or that's filed. That is, as the court in Hall Street explained, that's for an expedited procedure to seek modification of an award. The other matter I would like to raise regarding timing is subject matter jurisdiction. That's what this is about, whether the arbitrator had the jurisdiction to render declaratory relief as to this issue, and that can never be waived or forfeited. And, Your Honors, I would refer this court to two Ninth Circuit cases, Sheet, Metal Workers, and Hughes Aircraft, which, you know, supports the position that if the arbitrator lacked a jurisdiction, Section 12 requirements, 90-day requirement does not apply. The other matter that I would like to refer this court to is the provision of 18.5 in the license agreement, which prohibits the flavor of California from gauging in any conduct that would cause Big Boy to lose rights or diminish their trademark rights. And so, you know, a prudent licensee would ensure that their distributors were not engaging in conduct that exceeded the territorial limitations. This provision was not at issue. It was not discussed by the arbitrator. And the fact that the first sale doctrine does not apply to licensees referred to in Verner, Adobe Systems, Apple, and Fitbit, those are court's decisions in the circuit. Before you sit down, let me ask you, if the arbitrator had written this decision, and said what the arbitrator said, but just did not have the hypothetical about Target, would you have the same concerns? We would not be here. Okay. Let me see if my colleagues have any further questions. No, thank you. Okay. Thank you. Thank both counsel for the briefing argument. I see you trying to make an additional statement, but the way the process works is that he gets his rebuttal. So, I think I'm not sure I agree with that. So, I think we'll conclude the argument, and thank you both for your presentations, and the case is submitted.
judges: GRABER, BRESS, JOHNSTONE